Ames, J.
While the lots were in Pendergrast’s ownership, it would be impossible that there could be such an adverse use as would create an easement in favor of one of the lots within the limits of the other. In Pendergrast’s mortgage to the corporation there was no provision for the creation of a common passage way; and the corporation’s title has been effectually transferred to the plaintiff, whose grantors took possession as early as June 1, 1858. It is true that the defendant’s occupation and use of the passage way begun as early as August, 1856, but it cannot be said at thát time to have had any of the characteristics of an adverse use. On the contrary, it was by virtue of a conveyance of the owner of the equity of redemption, and could have no effect *35 upon the rights of the mortgagees and those claiming under them. The mortgagor can make no lease or contract respecting the mortgaged premises effectual to bind the mortgagee or prejudicial to his title. Perkins v. Pitts, 11 Mass., 125, 130. Exclusive possession by a mortgagor and those claiming under him, with a claim of exclusive ownership, does not of itself amount to a dis-seisin of the mortgagee so as to invalidate a transfer of the mortgage title. There is nothing in the facts reported to show that any claim adverse to the mortgagee was known to the corporation. Sheridan v. Welch, 8 Allen, 166.
The plaintiff claims under the older and paramount title; and as the defendant fails to show any adverse enjoyment covering twenty entire years before the suit was brought, there must be

Judgment on the Verdict.

—Reporter.